**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| CHRISTINA M. REYNOLDS, *et al.*, | Civil Action No. 2:19-cv-01935-JDW |
| Plaintiff, |  |
| v. |  |
| TURNING POINT HOLDING COMPANY, LLC, *et al.*, |  |
| Defendants. |  |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**FOX ROTHSCHILD LLP**
Colin D. Dougherty
Robert C. Nagle
Joseph A. McNelis III
10 Sentry Parkway
Suite 200, P.O. Box 3001, Blue Bell, PA 19422
Telephone: (610) 397-6500
Fax: (610) 397-0450
rnagle@foxrothschild.com
cdougherty@foxrothschild.com
jmcnelis@foxrothschild.com

*Attorneys for Defendants, Turning Point Holding Company, LLC;
Turning Point of Pennsylvania, LLC; Turning Point of Blue Bell, LLC;
Turning Point of Bryn Mawr, LLC; Turning Point of Newtown, LLC;
Turning Point of North Wales, LLC; and Turning Point of Warrington, LLC*

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.  STATEMENT OF FACTS ............................................................................................... 2

III. STANDARD OF REVIEW ............................................................................................... 2

IV.  LEGAL ARGUMENT ...................................................................................................... 3

    A.   Legal Framework for Plaintiff's FLSA and PMWA Claims................................. 3

    B.   Summary Judgment Should Be Granted Because Plaintiff Lacks Standing to Sue Under Supreme Court Precedent..................................................................... 5

    C.   Summary Judgment Should Be Granted Because Plaintiff Was Paid Adequately Under the FLSA and PMWA............................................................. 8

        i.   Plaintiff Had Sufficient Knowledge of the FLSA's Provisions Relating to the Tip Credit. ....................................................................... 8

        ii.  Plaintiff Was Paid Correctly Under the FLSA's Applicable Minimum Wage Provisions.....................................................................................11

        iii. Plaintiff Was Paid Correctly Under the FLSA's Applicable Overtime Pay Provisions............................................................................................12

        iv.  Plaintiff Was Paid Correctly Under the PMWA's Applicable Minimum Wage and Overtime Pay Provisions.......................................13

V.   CONCLUSION ................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acosta v. Las Margaritas, Inc.*,
  No. 16-1390, 2018 WL 6812370 (E.D. Pa. Dec. 27, 2018) (Quiñones Alejandro, J.) .................................................................................................... 3, 8, 9

*Ahmed v. Highway Freight Sys., Inc.*,
  No. 13-3250, 2014 WL 6473375 (E.D. Pa. Nov. 19, 2014) (Schmehl, J.) ............................. 5

*Barrentine v. Ark.-Best Freight Sys., Inc.*,
  450 U.S. 728 (1981) ............................................................................................................. 7

*Becker v. Early Warning Servs., LLC*,
  No. 19-5700, 2020 WL 2219142 (E.D. Pa. May 7, 2020) (Smith, J.) .................................. 6

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ............................................................................................................. 3

*Davis v. Abington Mem'l Hosp.*,
  765 F.3d 236 (3d Cir. 2014) ................................................................................................. 4

*Davis v. B & S, Inc.*,
  38 F. Supp. 2d 707 (N.D. Ind. 1998) ................................................................................. 10

*DiSantis v. Morgan Props. Payroll Servs., Inc.*,
  No. 09-6153, 2010 WL 3606267 (E.D. Pa. Sept. 16, 2010) (Kelly, J.) ............................. 13

*Dodson v. Coatesville Hosp. Corp.*,
  773 F. App'x 78 (3d Cir. 2019) .......................................................................................... 3

*Doe v. Abington Friends Sch.*,
  480 F.3d 252 (3d Cir. 2007) ................................................................................................ 3

*Dominguez v. Quigley's Irish Pub, Inc.*,
  790 F. Supp. 2d 803 (N.D. Ill. 2011) ................................................................................. 10

*Ferenzi v. City of Chicago*,
  No. 16-00783, 2018 WL 1561728 (N.D. Ill. Mar. 30, 2018) .............................................. 6

*Garcia v. Koning Rests. Int'l, L.C.*,
  No. 12-23629, 2013 WL 8150984 (S.D. Fla. May 10, 2013) ............................................. 9

*Ide v. Neighborhood Rest. Partners, LLC*,
  32 F. Supp. 3d 1285 (N.D. Ga. 2014), *aff'd,* 667 F. App'x 746 (11th Cir.
  2016) ......................................................................................................................... 9

*Kolesnikow v. Hudson Valley Hosp. Ctr.*,
  622 F. Supp. 2d 98 (S.D.N.Y. 2009) ...................................................................... 13

*Long v. Se. Pa. Transp. Auth.*,
  903 F.3d 312 (3d Cir. 2018) ..................................................................................... 5

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ................................................................................................. 5

*Masterson v. Fed. Exp. Corp.*,
  No. 07-2241, 2008 WL 5189342 (M.D. Pa. Dec. 10, 2008) .................................. 12

*Miller v. Garibaldi's Inc.*,
  No. 414-007, 2018 WL 1567856 (S.D. Ga. Mar. 30, 2018) ..................................... 9

*Monger v. Cactus Salon & SPA's LLC*,
  No. 08-1817, 2009 WL 1916386 (E.D.N.Y. July 6, 2009) .................................... 12

*Mullen v. Northampton Twp.*,
  No. 18-03113, 2019 WL 5803974 (E.D. Pa. Nov. 7, 2019) (Wolson, J.) ................ 3

*Parker v. NutriSystem, Inc.*,
  620 F.3d 274 (3d Cir. 2010) ..................................................................................... 7

*Pellon v. Bus. Representation Int'l, Inc.*,
  528 F. Supp. 2d 1306 (S.D. Fla. 2007), *aff'd* 291 F. App'x 310 (11th Cir.
  2008) ...................................................................................................................... 8, 9

*Ramos v. Telgian Corp.*,
  176 F. Supp. 3d 181 (E.D.N.Y. 2016) ..................................................................... 6

*Ratliff v. Celadon Trucking Servs., Inc.*,
  No. 17-7163, 2018 WL 1911797 (N.D. Ill. Apr. 23, 2018) ..................................... 6

*Rosano v. Twp. of Teaneck*,
  754 F.3d 177 (3d Cir. 2014) ..................................................................................... 4

*Rui Tong v. Henderson Kitchen Inc.*,
  No. 17-1073, 2018 WL 4961622 (E.D. Pa. Oct. 12, 2018) (Surrick, J.) ............ 4, 13

*Saldana v. Bird Rd. Car Wash, Inc.*,
  No. 15-23329, 2016 WL 5661632 (S.D. Fla. Sept. 30, 2016) .................................. 9

*Scott v. Harris*,
    550 U.S. 372 (2007) ..................................................................................................... 3

*Smith v. State Farm Mut. Auto. Ins. Co.*,
    No. 19-03001, 2020 WL 1701692 (E.D. Pa. Apr. 8, 2020) (Wolson, J.) ................................ 2

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ................................................................................... 2, 5, 7, 8

*Strubel v. Comenity Bank*,
    842 F.3d 181 (2d Cir. 2016) ........................................................................................ 5

*U.S. v. Klinghoffer Bros. Realty Corp.*,
    285 F.2d 487 (2d Cir. 1960) ....................................................................................... 12

*Vega v. Mid Am. Taping & Reeling, Inc.*,
    No. 16-08158, 2018 WL 2933676 (N.D. Ill. June 12, 2018) ............................................... 6

*Xin Lin Xie v. New Sun Int'l Travel LLC*,
    No. 16-752, 2017 WL 3328160 (E.D.N.Y. Aug. 2, 2017) ................................................ 12

**Statutes**

43 P.S. § 333.103(d) .......................................................................................................... 8

43 P.S. § 333.104(a.1) ....................................................................................................... 4

43 P.S. § 333.104(c) .......................................................................................................... 4

29 U.S.C. § 202(a) ............................................................................................................ 7

29 U.S.C. § 203(m) ................................................................................................... 6, 8, 11

29 U.S.C. § 203(m)(2)(A) ............................................................................................ 3, 11

29 U.S.C. § 203(t) .................................................................................................... 2, 3, 11

29 U.S.C. § 206(a) ........................................................................................................... 11

29 U.S.C. § 206(a)(1)(C) ............................................................................................. 3, 12

29 U.S.C. § 207(a)(1) .................................................................................................. 4, 12

29 U.S.C. § 216 ................................................................................................................. 1

**Other Authorities**

29 C.F.R. § 531.56(d) ............................................................................................ 4, 11, 12

29 C.F.R. § 531.56(e) ............................................................................................................. 3, 11

29 C.F.R. § 531.59(b) ................................................................................................................... 8

29 C.F.R. § 776.4(a) .................................................................................................................... 11

29 CFR § 778.103 ....................................................................................................................... 11

81 Cong. Rec. 4983 (1937) ........................................................................................................... 7

34 Pa. Code § 231.101(b) ......................................................................................................... 4, 8

Fed. R. Civ. P. 23 ...................................................................................................................... 1, 2

Fed. R. Civ. P. 56 .......................................................................................................................... 1

Fed. R. Civ. P. 56(a) ..................................................................................................................... 2

Defendants, Turning Point Holding Company, LLC; Turning Point of Pennsylvania, LLC; Turning Point of Blue Bell, LLC; Turning Point of North Wales, LLC; Turning Point of Warrington, LLC; Turning Point of Bryn Mawr, LLC; and Turning Point of Newtown, LLC (collectively and hereinafter, "Turning Point" or "Defendants"), pursuant to Fed. R. Civ. P. 56, hereby submit this Memorandum of Law in Support of Defendants' Motion for Summary Judgment.

I.   **INTRODUCTION**

Plaintiff Christina Mary Reynolds (hereinafter, "Plaintiff") initiated this action by filing a Complaint against Defendants on May 3, 2019.  *See* ECF No. 1.  Plaintiff filed an Amended Complaint on August 16, 2019.  *See* ECF No. 20 (hereinafter, "Amended Complaint" or "Am. Compl.").  The Amended Complaint alleges the same four causes of action against each of the Defendants.  Count[1] I seeks recovery for alleged unpaid minimum wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); Count II seeks recovery for alleged unpaid overtime wages under the FLSA; Count III seeks recovery for alleged unpaid minimum wages under the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.* ("PMWA"); and Count IV seeks recovery for alleged unpaid overtime wages under the PMWA.  *See* ECF No. 20, Am. Compl., at ¶¶ 135-165.  Through the Amended Complaint, Plaintiff seeks both individual and class wide relief under the FLSA and PMWA.  *See generally* ECF No. 20, Am. Compl.  Specifically, Plaintiff seeks to establish a collective action under 29 U.S.C. § 216 and a class action under Fed. R. Civ. P. 23 for relief under the PMWA.  *See* ECF No. 20, Am. Compl., at ¶¶ 19-29.  To date,

---

[1]   Plaintiff uses the term "Claim for Relief" as opposed to "Count."  *See generally* ECF No. 20, Am. Compl., at pp. 27-31.

1

this Court in this matter has not certified a collective action under the FLSA or any class under Fed. R. Civ. P. 23.

Summary judgment for Defendants must be granted, as each claim fails as a matter of law based upon the undisputed facts and admissions in this case. First and foremost, Plaintiff lacks standing under Article III because she has failed to demonstrate an actual injury in fact, only alleging a "bare procedural violation, divorced from any concrete harm." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

Second, summary judgment should be granted because Plaintiff was paid adequately under both the FLSA and PMWA. It is undisputed that Plaintiff qualifies as a tipped employee under 29 U.S.C. § 203(t). The record, and Plaintiff's own testimony, demonstrate that Plaintiff had sufficient knowledge of the applicable provisions relating to the tip credit, and that Plaintiff was paid above the minimum wage requirements of the FLSA and the PMWA in light of the tip credit provisions. Similarly, pursuant to the applicable tip credit provision, Plaintiff was appropriately paid overtime wages under the FLSA and PMWA. As such, the Court should grant Defendants' Motion for Summary Judgment and enter judgment in their favor.

## II.  STATEMENT OF FACTS

Defendants incorporate by reference its Statement of Undisputed Material Facts (hereinafter, "SOF"), filed contemporaneously with this Memorandum of Law.

## III.  STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Smith*

2

*v. State Farm Mut. Auto. Ins. Co.*, No. 19-03001, 2020 WL 1701692, at *2 (E.D. Pa. Apr. 8, 2020) (Wolson, J.) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "In ruling on a summary judgment motion, a court must 'view the facts and draw reasonable inferences in the light most favorable to the party opposing the [summary judgment] motion.'" *Mullen v. Northampton Twp.*, No. 18-03113, 2019 WL 5803974, at *2 (E.D. Pa. Nov. 7, 2019) (Wolson, J.) (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal quotations omitted)). However, the non-moving party must show a genuine dispute of material facts and cannot merely deny the allegations of the moving party. *Mullen*, 2019 WL 5803974, at *2 (citing *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007)). "The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Dodson v. Coatesville Hosp. Corp.*, 773 F. App'x 78, 81 n.6 (3d Cir. 2019) (internal quotations and citations omitted).

## IV. LEGAL ARGUMENT

### A. Legal Framework for Plaintiff's FLSA and PMWA Claims.

The FLSA requires that employers pay their covered employees a minimum wage of at least $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). The text of the FLSA expressly allows an employer of tipped employees to satisfy its minimum wage obligation through the use of a tipped wage. *See* 29 U.S.C. § 203(m)(2)(A). "Tipped employees" are defined as those employees that are "engaged in an occupation in which [they] customarily and regularly receive[] more than $30 a month in tips." 29 U.S.C. § 203(t); *see* 29 C.F.R. § 531.56(e) (using a "waitress" as *the* example of a tipped employee). Therefore, an employer may pay a tipped employee a cash wage of at least $2.13, provided that the employee's tips make up the difference between the cash wage and the current federal minimum wage. *See Acosta v. Las Margaritas, Inc.*, No. 16-1390, 2018 WL

3

6812370, at *4 (E.D. Pa. Dec. 27, 2018) (Quiñones Alejandro, J.). The difference between these amounts is known as the "tip credit." 29 C.F.R. § 531.56(d).

The FLSA generally requires employers to pay employees overtime rates, at one and one-half times the employee's regulate rate of pay, for work the employees performed in excess of forty hours per workweek. 29 U.S.C. § 207(a)(1); *see Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) ("[T]o recover overtime compensation under the FLSA, an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference.") (internal quotations and citations omitted); *Rosano v. Twp. of Teaneck*, 754 F.3d 177, 189 (3d Cir. 2014) (granting summary judgment to defendants and noting that, "absent any evidence to support [plaintiffs'] estimates of their overtime damages," plaintiffs' assertions were "mere speculation" and "insufficient to support the requisite inference necessary to meet their burden" of proof).

"Because of the substantial parallel between the [the FLSA's and the PMWA's] minimum wage provisions, federal courts are directed to interpret the FLSA when analyzing claims under the PMWA." *Rui Tong v. Henderson Kitchen Inc.*, No. 17-1073, 2018 WL 4961622, at *3 (E.D. Pa. Oct. 12, 2018) (Surrick, J.). The PMWA refers to the standards set under the FLSA to determine minimum wages, stating that "[i]f the minimum wage set forth in the [FLSA] is increased above the minimum wage required under this section, the minimum wage required under this section shall be increased by the same amounts." 43 P.S. § 333.104(a.1). Under the PMWA, however, the applicable minimum wage credit for tipped employees is slightly higher than what is required by the FLSA. *See* 34 Pa. Code § 231.101(b) ("The minimum wage credit for tipped employees is $2.83 per hour . . ."). Finally, like the FLSA, the PMWA provides that employees shall receive overtime wages of one and one-half times the regular rate of pay. 43 P.S. §

333.104(c). Like claims for failure to pay minimum wages, courts look to the FLSA when interpreting claims regarding overtime violations under the PMWA. *Ahmed v. Highway Freight Sys., Inc.*, No. 13-3250, 2014 WL 6473375, at *2 (E.D. Pa. Nov. 19, 2014) (Schmehl, J.).

### B. Summary Judgment Should Be Granted Because Plaintiff Lacks Standing to Sue Under Supreme Court Precedent.

A Constitutional prerequisite for any federal lawsuit is that the plaintiff have standing to assert the claims brought. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992). "[A] plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. The Supreme Court has recognized the "injury in fact" element as the "[f]irst and foremost of standing's three elements." *Id.* (internal citation and quotations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). In *Spokeo*, the Supreme Court considered whether Article III standing exists based upon the violation of a federal statute alone, despite plaintiff having suffered no concrete harm from the alleged procedural violation. The Court concluded that a "bare procedural violation, divorced from any concrete harm," cannot "satisfy the injury-in-fact requirement of Article III." *Id.* at 1549; *see Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 321 (3d Cir. 2018). Rather, in order to assert standing, a plaintiff must demonstrate a "concrete injury" in the context of the statutory violation. *Spokeo*, 136 S. Ct. at 1549. The Third Circuit, in *Kamal v. J. Crew Grp., Inc.*, interpreted "*Spokeo* 'to instruct that an alleged procedural violation . . . manifest[s] concrete injury' if the violation actually harms or presents a material risk of harm to the underlying concrete interest." 918 F.3d 102, 112–13 (3d Cir. 2019) (quoting *Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2d Cir. 2016)). Because Plaintiff

5

has failed to show actual harm, or a material risk of harm, stemming from an alleged statutory violation, she lacks Article III standing to bring this suit.

Plaintiff has not suffered actual harm. Plaintiff's claims are predicated largely upon an alleged technical, procedural violation of the FLSA: that Turning Point failed to comply with the statutory requirement to inform her of the tip credit provisions pursuant to 29 U.S.C. § 203(m). Plaintiff has produced no evidence that any alleged compliance failure resulted in any real, concrete harm. *Cf. Ferenzi v. City of Chicago*, No. 16-00783, 2018 WL 1561728, at *3, 6 (N.D. Ill. Mar. 30, 2018) (granting summary judgment in favor of defendants and concluding that plaintiff lacked standing on his FLSA claim because he "produced no evidence that he was or will be paid less than what the FLSA" requires); *Vega v. Mid Am. Taping & Reeling, Inc.*, No. 16-08158, 2018 WL 2933676, at *4 (N.D. Ill. June 12, 2018) (concluding, *inter alia*, that plaintiffs lacked standing to challenge a standalone "misclassification" under the FLSA where nothing suggested that "Congress was ever concerned about standalone misclassifications that do not result in any financial or employment harm"); *Ramos v. Telgian Corp.*, 176 F. Supp. 3d 181, 201 n.32 (E.D.N.Y. 2016) ("Plaintiffs cannot demonstrate they were actually denied compensation to which they were entitled, meaning they cannot demonstrate they were 'actually injured,' and therefore 'they do not have standing to raise their claims'") (internal citations omitted); *Becker v. Early Warning Servs., LLC*, No. 19-5700, 2020 WL 2219142, at *5 (E.D. Pa. May 7, 2020) (Smith, J.) (concluding that plaintiff failed to show an injury as a result of a "bare procedural harm" under the Fair Credit Reporting Act and thus lacked Article III standing); *Ratliff v. Celadon Trucking Servs., Inc.*, No. 17-7163, 2018 WL 1911797, at *3 (N.D. Ill. Apr. 23, 2018) (same).

Rather, as discussed *infra* in sections IV.C.ii–iii, the undisputed record confirms that Plaintiff was paid more than the FLSA and PMWA minimum wage and thus cannot show

economic, or other, harm. Plaintiff's weekly payroll statements and pay stubs clearly indicate that, each week, Plaintiff was paid at or above minimum wage, and further, that Plaintiff was paid according to the applicable overtime requirements for all hours she worked in excess of forty hours per week. *See* Defendants' Statement of Undisputed Material Facts ("SOF"), at ¶¶ 37-57. Moreover, Plaintiff has not produced any evidence of detrimental reliance or other harm accruing to Plaintiff based upon the purportedly inadequate notice. During her tenure with Turning Point, Plaintiff never complained that she was being paid improperly. SOF at ¶ 35. Thus, Plaintiff's alleged injury is nothing more than a mere technical statutory violation, devoid of any concrete or particularized harm, or a risk of real harm to the interests Congress sought to protect. *See Spokeo*, 136 S. Ct. at 1549.

> Congress enacted the FLSA "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739, 101 S. Ct. 1437, 67 L.Ed.2d 641 (1981) (quoting 29 U.S.C. § 202(a)). The Act was designed "to ensure that each employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of overwork as well as underpay.'" *Id.* (quoting 81 Cong. Rec. 4983 (1937) (message of President Roosevelt)).

*Parker v. NutriSystem, Inc.*, 620 F.3d 274, 279 (3d Cir. 2010). Moreover, the FLSA is intended to create a level playing field and promote fair competition among covered employers with respect to wages. Anna P. Prakash & Brittany B Skemp, *Beyond the Minimum Wage: How the Fair Labor Standard Act's Broad Social and Economic Protections Support Its Application to Workers Who Earn a Substantial Income*, 30 A.B.A. J. Lab. & Emp. L. 367, 382-83 (2015). The record evidence does not establish that any potential harm suffered by Plaintiff as a result of an alleged inadequate notice regarding the tip credit is the type of harm Congress intended to protect against in enacting the FLSA. Instead, Turning Point's conduct satisfied not only the minimum wage and overtime

7

provisions of the FLSA, but additionally satisfied the purpose of the statute by ensuring that Plaintiff was paid for all hours worked and was informed of wages she was being paid. To allow Plaintiff to proceed in this suit, without establishing an injury in fact, would give Plaintiff a windfall resulting from a mere alleged technicality and would thus be punitive to employers. Based upon the foregoing, Plaintiff lacks Article III standing to bring these claims. *See Spokeo*, 136 S. Ct. at 1550.

### C. Summary Judgment Should Be Granted Because Plaintiff Was Paid Adequately Under the FLSA and PMWA.

#### i. Plaintiff Had Sufficient Knowledge of the FLSA's Provisions Relating to the Tip Credit.

Taking a tip credit toward the minimum wage for tipped employees complies with the FLSA so long as employers: (1) inform employees of the FLSA's provisions relating to the tip credit; and (2) allow employees to retain all tips received by them, except where tips are pooled among other tipped employees. 29 U.S.C. § 203(m).[2] The text of the FLSA, however, does not prescribe the form the notice must take. Yet, "courts have uniformly held that—as stated in 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b)—employers are required only to *inform* employees of their intention to take the tip credit, not to *explain* the tip credit." *Acosta v. Las Margaritas, Inc.*, No. 16-1390, 2018 WL 6812370, at *9 (E.D. Pa. Dec. 27, 2018) (Quiñones Alejandro, J.) (emphasis in original); *Pellon v. Bus. Representation Int'l, Inc.*, 528 F. Supp. 2d 1306, 1312 (S.D. Fla. 2007), *aff'd* 291 F. App'x 310 (11th Cir. 2008) (stating that "the FLSA does not require a

---

[2]   As noted above, Plaintiff's claims under the PMWA are analyzed using the same framework as the FLSA. The PMWA has a substantially similar requirement regarding tipped employees as the FLSA, requiring employers to inform employees of the tipped employee provisions. *See* 43 P.S. § 333.103(d); 34 Pa. Code § 231.101(b).

8

rigorous explanation to employees about how the tip credit works," rather it is enough to merely inform them of it).

Many district courts have concluded that the "prominent display of a poster that includes Department of Labor approved language satisfies the notice requirement." *Miller v. Garibaldi's Inc.*, No. 414-007, 2018 WL 1567856, at *4 (S.D. Ga. Mar. 30, 2018) (granting summary judgment to defendants on notice issue). Courts have additionally awarded summary judgment in favor of defendants upon a showing that "employers provided employees with written materials explaining the tip policy, where employers verbally informed employees of the policy, and where employers prominently display[ed] a Department of Labor poster explaining the tip credit in an area frequented by employees." *Saldana v. Bird Rd. Car Wash, Inc.*, No. 15-23329, 2016 WL 5661632, at *3 (S.D. Fla. Sept. 30, 2016); *see, also, e.g.*, *Pellon*, 528 F. Supp. 2d at 1310–11 (finding sufficient notice where employees "were orally informed that their salary would be $2.15 (or more) plus tips," two posters concerning the tip credit were prominently displayed in the workplace, and employees' "paychecks informed them of their salary twice a month"); *Garcia v. Koning Rests. Int'l, L.C.*, No. 12-23629, 2013 WL 8150984, at *4 (S.D. Fla. May 10, 2013) ("[A]n employer can sufficiently inform its employees by giving them written materials describing the employer's tip policy or by prominently displaying a proper Department of Labor poster explaining the tip credit in the workplace, provided the employees can read the materials or poster.") (internal citations and quotations omitted)); *Acosta*, 2018 WL 6812370, at *9 (concluding that defendants complied with the tip credit notice requirement when employees were verbally informed, *inter alia*, of their hourly wage and overtime wage, and that they would "earn the difference of minimum wage through collecting tips") (Quiñones Alejandro, J.); *Ide v. Neighborhood Rest. Partners, LLC*, 32 F. Supp. 3d 1285, 1293 (N.D. Ga. 2014), *aff'd,* 667 F. App'x 746 (11th Cir. 2016) (concluding that

defendants provided sufficient notice when it provided handbooks informing employees of the tip credit and displayed wage and hour posters regarding the tip credit). "It has even been held that information conveyed through co-workers was sufficient notice." *Dominguez v. Quigley's Irish Pub, Inc.*, 790 F. Supp. 2d 803, 822 (N.D. Ill. 2011) (citing *Davis v. B & S, Inc.*, 38 F. Supp. 2d 707, 719 (N.D. Ind. 1998)).

The undisputed facts in this case show that Plaintiff had access to information relating to the tip credit through multiple channels. First, Turning Point uses an online electronic portal for onboarding new employees which includes the tip credit notification for tipped employees. *See* SOF at ¶¶ 16-17. This system was in use at the time Plaintiff began working for Turning Point, but Plaintiff claims not to have received the tip credit notification through this channel. *See id.* at ¶¶ 16, 18. Second, at Turning Point North Wales, where Plaintiff was employed, posters outlining the provisions of the applicable wage laws (including the FLSA) were hung in areas accessible to and frequently visited by employees of the restaurant. *See id.* at ¶ 11. Third, during the training and orientation of managers, managers were educated about the tip credit provisions of Pennsylvania and federal law, and instructed to inform employees, including servers like Plaintiff, about the requirements of these tip credit provisions. *See id.* at ¶¶ 7-10. Fourth, each and every pay period, Plaintiff received a detailed pay stub which disclosed the amount of wages paid to her ($2.83 per hour) and the amount of tips she received from customers. *See id.* at ¶¶ 31, 33-34. As such, Plaintiff had written notice, no later than the date of her first pay stub, of the manner in which she would be paid. *Id.* In addition, Plaintiff concedes that, upon taking the job at Turning Point, she understood that she would be paid a wage lower than minimum wage by her employer (specifically, $2.83 per hour) and that the tips she received from customers would make up the difference between her hourly wage and the minimum wage requirement. *See id.* at ¶¶ 19–20

("[As] [a] server, you know that you're going to get a low wage, and then you're going to hopefully make it up in tips"). Therefore, Plaintiff had actual knowledge of the tip credit. *See id.* at ¶¶ 19-20, 31, 33-34.

### ii. Plaintiff Was Paid Correctly Under the FLSA's Applicable Minimum Wage Provisions.

In her position of a server, Plaintiff is the quintessential example of a "tipped employee" under the FLSA. *See* 29 C.F.R. § 531.56(e) (using a "waitress" as *the* example of a tipped employee); *see also* SOF, at ¶¶ 6, 24-25, 29-30. And, it is undisputed that Plaintiff, in said position, customarily and regularly earned more than $30 of tips each month she worked for Turning Point; as such, she qualifies as a "tipped employee" under the FLSA. *Id.* (Plaintiff made at least $200—in most cases, more than $300—per week in tips); s*ee* § 203(t); § 531.56(d); ECF No. 20, Am. Compl. ¶ 30. Additionally, as required by statute, Plaintiff had knowledge of how she would be paid, *see supra* section IV.C.i, and retained all tips she received from customers, with the exception of a 5% contribution to a "tip-pool" meant for other employees, SOF, at ¶ 30; *see* 29 U.S.C. § 203(m). As such, Turning Point had the statutory right to pay her at the tipped rate. *See* 29 U.S.C. § 203(m)(2)(A). The record shows that Plaintiff received adequate wages under the FLSA. *See* SOF, at ¶¶ 27-28, 37-57.

In this regard, the FLSA allows employers to evaluate employees' pay on a *weekly* basis to ensure compliance with its provisions. *See* 29 U.S.C. § 206(a); *see also* 29 C.F.R. § 776.4(a) ("The workweek is to be taken as the standard in determining the applicability of the Act."); 29 CFR § 778.103 (designating, "the workweek as the basis for applying section 7(a)," which relates to the requirement of paying overtime wages). Plaintiff's weekly payroll statements show that each week Plaintiff worked at Turning Point, she was paid at or above minimum wage, taking into account the tips she earned during each shift, pursuant to the tip credit. *See* SOF, at ¶¶ 27-28; *see*

11

*also Masterson v. Fed. Exp. Corp.*, No. 07-2241, 2008 WL 5189342, at *3 (M.D. Pa. Dec. 10, 2008) ("[C]ourts have generally agreed that a workweek standard represents a reasonable reading of the statute.") (citing *U.S. v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 493 (2d Cir. 1960)); *Xin Lin Xie v. New Sun Int'l Travel LLC*, No. 16-752, 2017 WL 3328160, at *2-3 (E.D.N.Y. Aug. 2, 2017) ("To show a federal minimum wage violation, 'an employee must show that her *weekly* pay divided by the number of hours she worked in that week yielded an hourly rate for the whole week that was lower than the statutory minimum wage.'") (emphasis in original) (citing *Monger v. Cactus Salon & SPA's LLC*, No. 08-1817, 2009 WL 1916386, at *1 (E.D.N.Y. July 6, 2009)). Specifically, Plaintiff was paid an hourly wage of $2.83 for all hours worked, up to forty hours a week, which complies with the FLSA tipped wage provisions. SOF, at ¶ 27; s*ee* § 531.56(d). Including Plaintiff's earned tips, after her first week on the job, Plaintiff was paid a weekly average of between $9.10 and $12.28 per hour, well above the federal minimum wage requirement of $7.25.[3] *See* SOF, at ¶¶ 39-55; § 206(a)(1)(C). There was not a single workweek during Plaintiff's employment with Turning Point in which she received less than the applicable minimum wage due to her. SOF, at ¶ 57. Consequently, her claims for unpaid minimum wages must be dismissed.

### iii. Plaintiff Was Paid Correctly Under the FLSA's Applicable Overtime Pay Provisions.

Turning Point complied with the FLSA's overtime provisions, which generally requires employers to pay employees one and one-half times the employee's regulate rate of pay for hours worked in excess of forty hours per workweek. *See* 29 U.S.C. § 207(a)(1). The undisputed record demonstrates that Plaintiff was paid in compliance with the FLSA overtime provisions. As indicated in Reynolds' pay stubs and payroll records, Turning Point paid Plaintiff one and one-

---

[3] In Plaintiff's first week of work, she was paid the training rate of $7.25 per hour for all hours worked.

half times all hours she worked in excess of forty hours a week. SOF, at ¶¶ 28, 57. Specifically, Reynolds was paid $6.46 per hour for each hour of overtime she worked in a given workweek and her pay stubs clearly indicate the exact number of overtime hours she worked in each pay period. *Id.* at ¶¶ 28, 34.

To the extent that Plaintiff alleges that she worked overtime hours above what Turning Point records indicate, *see* ECF No. 20, Am. Compl. ¶¶ 17, 117, Plaintiff's allegations are insufficient as a matter of law to create the necessary factual predicate for an FLSA claim. *See DiSantis v. Morgan Props. Payroll Servs., Inc.*, No. 09-6153, 2010 WL 3606267, at *14 (E.D. Pa. Sept. 16, 2010) (Kelly, J.) (collecting cases under the FLSA in which a court entered summary judgment in favor of an employer defendant based upon a plaintiff's failure to produce evidence beyond bare allegations and vague undocumented estimates of work weeks exceeding 40 hours for which the plaintiff was not properly compensated); *see also Kolesnikow v. Hudson Valley Hosp. Ctr.*, 622 F. Supp. 2d 98, 118–19 (S.D.N.Y. 2009) (granting summary judgment for an employer where the plaintiff testified that she "sometimes" worked an extra half hour but could not show that such hours would have caused her to exceed 40 hours of work in a given week for which she was not compensated). Therefore, Turning Point is entitled to summary judgment as to Plaintiff's overtime claims.

> **iv.     Plaintiff Was Paid Correctly Under the PMWA's Applicable Minimum Wage and Overtime Pay Provisions.**

Plaintiff's claims under the PMWA are analyzed using the same framework as the FLSA. *See Rui Tong v. Henderson Kitchen Inc.*, No. 17-1073, 2018 WL 4961622, at *3 (E.D. Pa. Oct. 12, 2018) (Surrick, J.) ("Because of the substantial parallel between the two statutes' [pay] provisions, federal courts are directed to interpret the FLSA when analyzing claims under the PMWA.").

Therefore, Plaintiff's PMWA claims for violations of minimum wage and overtime requirements similarly fail as a matter of law and Defendants are entitled to summary judgment in their favor.

## V. CONCLUSION

For all the foregoing reasons, Defendants request this Honorable Court grant their Motion for Summary Judgment.

Respectfully submitted:

**FOX ROTHSCHILD LLP**

By: /s/ Colin D. Dougherty
 Robert C. Nagle
 Colin D. Dougherty
 Joseph A. McNelis III
 10 Sentry Parkway
 Suite 200, P.O. Box 3001
 Blue Bell, PA 19422
 Telephone: (610) 397-6500
 Fax: (610) 397-0450
 rnagle@foxrothschild.com
 cdougherty@foxrothschild.com
 jmcnelis@foxrothschild.com

*Attorneys for Defendants*

Dated: July 2, 2020