**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTINA M. REYNOLDS, *et al.*, | : | Civil Action No. 2:19-cv-01935-JDW |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TURNING POINT HOLDING | : | |
| COMPANY, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO CONDITIONALLY CERTIFY COLLECTIVE CLASS
PURSUANT TO 29 U.S.C. § 216(b)**

**FOX ROTHSCHILD LLP**
Colin D. Dougherty
Robert C. Nagle
10 Sentry Parkway
Suite 200, P.O. Box 3001, Blue Bell, PA 19422
Telephone: (610) 397-6500
Fax: (610) 397-0450
rnagle@foxrothschild.com
cdougherty@foxrothschild.com

*Attorneys for Defendants, Turning Point Holding Company, LLC;
Turning Point of Pennsylvania, LLC; Turning Point of Blue Bell, LLC;
Turning Point of Bryn Mawr, LLC; Turning Point of Newtown, LLC;
Turning Point of North Wales, LLC; and Turning Point of Warrington, LLC*

## **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................... 1

II.  FACTUAL BACKGROUND ........................................................................... 1

III.  LEGAL STANDARD ..................................................................................... 3

IV.  LEGAL ANALYSIS ....................................................................................... 5

    A.  The Court Should Deny Conditional Certification Because Plaintiff Has No
    Standing to Represent the Putative Class. ........................................................... 5

    B.  The Court Should Deny Conditional Certification Because the Plaintiff
    Offers Mere Speculation and Has Adduced No Evidence of a Class of
    Similarly Situated Employees or a Common Policy in Violation of the FLSA. .... 6

    C.  In the Event The Court Grants Conditional Certification, Plaintiff's Requests
    With Respect to the Means of Notice Should Be Amended. .............................. 15

V.  CONCLUSION .............................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armstrong v. Weichert Realtors*,
No. 05-3120, 2006 WL 1455781 (D.N.J. May 19, 2006) ..................................................4, 5

*Boes v. Applied Analysis Corp.*,
No. 19-505, 2020 WL 1526635 (E.D. Pa. Mar. 30, 2020) (Schmehl, J.)..............................10

*Boyd v. Alutiiq Global Solns.*,
No. 11-753, 2011 WL 3511085 (N.D. Ill. Aug. 8, 2011)....................................................10

*Bramble v. Wal-Mart Stores, Inc.*,
No. 09-4932, 2011 WL 1389510 (E.D. Pa. Apr. 12, 2011) (O'Neill, J.) .......................*passim*

*Bros. v. Portage Nat'l Bank*,
No. 06-94, 2009 WL 10730421 (W.D. Pa. Mar. 24, 2009)..................................................13

*Burkhart-Deal v. Citifinancial, Inc.*,
No. 07-1747, 2010 WL 457127 (W.D. Pa. Feb. 4, 2010) ...................................................15

*Chemi v. Champion Mortgage*,
No. 05-1238, 2006 WL 7353427 (D.N.J. June 21, 2006) .....................................................4

*Dreyer v. Altchem Envtl. Servs., Inc.*,
No. 06-2393, 2007 WL 7186177 (D.N.J. Sept. 25, 2007)......................................................6

*Dunkel v. Warrior Energy Servs., Inc.*,
304 F.R.D. 193 (W.D. Pa. 2014)..........................................................................................15

*Dybach v. State of Florida Dep't of Corrections*,
942 F.2d 1562 (11th Cir. 1991)............................................................................................13

*In re: Enterprise Rent-a-Car Wage & Hour Employment Practices Litig.*,
MDL No. 2056, 2010 WL 3447783 (W.D. Pa. Aug. 13, 2010) .............................................9

*In re Family Dollar FLSA Litig.*,
637 F.3d 508 (4th Cir. 2011) ................................................................................................5

*Federman v. Bank of Am., N.A.*,
No. 14-441, 2016 WL 3090631 (D.N.J. May 31, 2016) ........................................................6

*Feehley v. Sabatino's, Inc.*,
No. 17-2591, 2018 WL 2972475 (D. Md. June 13, 2018) ...................................................14

*Freeman v. MedStar Health Inc.*,
   187 F. Supp. 3d 19 (D.D.C. 2016) .......................................................................5

*Goldstein v. Children's Hosp. of Phila.*,
   No. 10-1190, 2012 WL 5250385 (E.D. Pa. Oct. 24, 2012) (Strawbridge, M.J.) .....................4

*Greer v. Haemonetics Corp.*,
   No. 08-1339, 2009 WL 10689219 (W.D. Pa. July 14, 2009) ...........................................3, 13

*Hall v. Guardsmark, LLC*,
   No. 11-213, 2012 WL 3580086 (W.D. Pa. Aug. 17, 2012).........................................7, 9, 13

*Hoffmann–La Roche, Inc. v. Sperling*,
   493 U.S. 165 (1989) ..........................................................................................5

*Johnston v. HBO Film Mgmt.*,
   265 F.3d 178 (3d Cir. 2001) ...............................................................................10

*Khan v. Airport Mgmt. Servs., LLC*,
   No. 10-7735, 2011 WL 5597371 (S.D.N.Y. Nov. 16, 2011) .................................................13

*Koenig v. Granite City Food & Brewery, Ltd.*,
   No. 16-1396, 2017 WL 2061408 (W.D. Pa. May 11, 2017) .................................................14

*Kuznyetsov v. W. Penn Allegheny Health Sys., Inc.*,
   No. 09-379, 2009 WL 1515175 (W.D. Pa. June 1, 2009) ...................................................16

*Langlands v. JK & T Wings, Inc.*,
   No. 15-13551, 2016 WL 4073548 (E.D. Mich. Aug. 1, 2016)...............................................9

*Mitchell v. Covance, Inc.*,
   No. 19-02877, 2020 WL 543780 (E.D. Pa. Feb. 3, 2020) (Robreno, J.)..................................7

*Myers v. Hertz Corp*,
   624 F.3d 537 (2d Cir. 2010) ...............................................................................12

*Parker v. Rowland Express, Inc.*,
   492 F.Supp.2d 1159 (D. Minn. 2007) ...................................................................13

*Reynolds v. Chesapeake & Delaware Brewing Holdings, LLC*,
   No. 19-2184, 2020 WL 2543777 (E.D. Pa. May 19, 2020) (Sánchez, C.J.) ..........................14

*Ritzer v. UBS Fin. Servs., Inc.*,
   No. 08-1235, 2008 WL 4372784 (D.N.J. Sept. 22, 2008)...................................................16

*Rogers v. Ocean Cable Grp. Inc.*,
   No. 10-4198, 2011 WL 6887154 (D.N.J. Dec. 29, 2011) ....................................................6

*Sanchez v. JMP Ventures, LLC*,
  No. 13-7264, 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014)...................................................10

*Siu Ching Ha v. 4175 LLC*,
  No. 15-5530, 2018 WL 1509090 (D.N.J. Mar. 27, 2018)...............................................6, 12

*Sloane v. Gulf Interstate Field Servs., Inc.*,
  No. 16-01571, 2017 WL 1105236 (M.D. Pa. Mar. 24, 2017)..............................................17

*Smith v. Sovereign Bancorp, Inc.*,
  No. 03-2420, 2003 WL 22701017 (E.D. Pa. Nov. 13, 2003) (Schiller, J.) .........................3, 4

*Stanislaw v. Erie Indem. Co.*,
  No. 07-1078, 2009 WL 426641 (W.D. Pa. Feb. 20, 2009) ....................................................6

*Steinberg v. TD Bank, N.A.*,
  No. 10-5600, 2012 WL 2500331 (D.N.J. June 27, 2012) ..............................................16, 17

*Symczyk v. Genesis Healthcare Corp.*,
  656 F.3d 189 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013) ......................3, 4

*Taylor v. Pittsburgh Mercy Health Sys., Inc.*,
  No. 09-377, 2009 WL 2003354 (W.D. Pa. July 7, 2009).....................................................15

*Vargas v. Gen. Nutrition Centers, Inc.*,
  No. 10-867, 2012 WL 5336166 (W.D. Pa. Oct. 26, 2012)...................................................17

*Williams v. Securitas Security Servs.*,
  No. 10-7181, 2011 WL 4544009 (E.D. Pa. Oct. 3, 2009) (Bertle, J.).....................................9

*Wright v. Lehigh Valley Hosp.*,
  No. 10-431, 2010 WL 3363992 (E.D. Pa. Aug. 24, 2010) (Schiller, J.) ................................4

*Wright v. Ristorante La Buca Inc.*,
  No. 18-2207, 2018 WL 5344905 (E.D. Pa. Oct. 26, 2018) (Kearney, J.) .............................14

*Zavala v. Wal Mart Stores Inc.*,
  691 F.3d 527 (3d Cir. 2012) .................................................................................................3

**Statutes**

29 U.S.C. § 216(b) ...............................................................................................................2, 3

Fair Labor Standards Act .................................................................................................*passim*

Pennsylvania Minimum Wage Act ......................................................................................2, 14

**Other Authorities**

Federal Rule of Civil Procedure 23.................................................................................. 2, 3, 8, 14

Federal Rule of Civil Procedure 30(b)(6)................................................................................2, 8

Defendants, Turning Point Holding Company, LLC; Turning Point of Pennsylvania, LLC; Turning Point of Blue Bell, LLC; Turning Point of North Wales, LLC; Turning Point of Warrington, LLC; Turning Point of Bryn Mawr, LLC; and Turning Point of Newtown, LLC (collectively and hereinafter, "Turning Point" or "Defendants"), hereby submit this Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Certification.

## I.   INTRODUCTION

With a dearth of evidence, and resting solely upon vague and conclusory allegations from a single individual—herself—Plaintiff invites this Court to abandon the proper certification standard, and burden the Defendants with a conditionally-certified action. However, the facts adduced in discovery show that not only was Plaintiff not harmed by any actions of the Defendants, she has also failed to demonstrate that she is similarly situated to other potential opt-in plaintiffs— none of whom have filed consents to join this action or provided supporting affidavits. Nor has Plaintiff submitted any evidence of a widespread discriminatory plan affecting the putative class.

Simply put, by Plaintiff's own admissions and as indicated by the evidence produced by Defendants, (1) her experience working for Turning Point of North Wales was entirely different from other putative class members, and (2) Plaintiff has no knowledge of any injuries suffered by any putative class members, nor of facts and circumstances supporting same. The Court ***must*** deny certification in this matter.

## II.   FACTUAL BACKGROUND

This case was initiated with the filing of Plaintiff Christina Mary Reynolds's ("Plaintiff" or "Reynolds") Complaint on May 3, 2019. ECF No. 1. An Amended Complaint followed on August 16, 2019. ECF No. 20. According to Plaintiff, she worked as a "server" at Defendants' Turning Point of North Wales for approximately four months in 2018. *See id.* at ¶ 82. Plaintiff alleges that the Defendants violated the Fair Labor Standards Act ("FLSA") and the Pennsylvania

Minimum Wage Act ("PMWA") by, *inter alia*: (1) failing to satisfy the notice requirements of the "tip credit" provisions of both statutes; (2) failing to account for so-called "non-tipped duties", resulting in Plaintiff being allegedly paid less than minimum wage; and, (3) failing to compensate Plaintiff for overtime hours beyond forty. *See id.* at ¶¶ 12-17. Plaintiff also seeks to represent a putative collective action under the FLSA and a Rule 23 class action under the PMWA.

Thereafter, the scope was this litigation was drastically reduced when the Court granted Defendants' partial motion to dismiss, effectively limiting this case to Pennsylvania-based Turning Point restaurants, including Defendant Turning Point of North Wales, LLC, at which Plaintiff worked. *See* ECF Nos. 31, 32. The Parties have since engaged in discovery, including written discovery, and the depositions of Plaintiff and of Kirk Ruoff, the Rule 30(b)(6) designee who testified on behalf of the Defendants.

Following the completion of this initial phase of discovery, Defendants moved for summary judgment.[1] *See* ECF No. 47. As set forth therein, the undisputed facts of record establish that: (1) Plaintiff had notice of the use of the "tip credit"; (2) Plaintiff was in fact paid above the minimum wage for all weeks worked as a server; and, (3) Plaintiff was paid all overtime wages to which she was entitled. *See*, *generally* ECF No. 47-3; *see*, *also*, ECF No. 47-1 (Defendants' Statement of Undisputed Material Facts). Defendants' Motion for Summary Judgment is currently awaiting further briefing by the Parties.

That same day, Plaintiff filed the foregoing Motion to Conditionally Certify Collective Class Pursuant to 29 U.S.C. § 216(b), asking the Court to conditionally certify a class of "Tipped

---

[1]     Plaintiff also moved for partial summary judgment. *See* ECF No. 50. Plaintiff's Motion is the subject of Defendants Motion to Strike, filed on July 17, 2020. *See* ECF No. 53.

Employees."[2]  *See* ECF No. 49.  In so moving, Plaintiff repeatedly contends that she has met the "minimal" standard for entitlement to conditional certification under the FLSA.  *See*, *e.g*., ECF No. 49-1 at 14.  Nothing could be further from the truth.  Rather, Plaintiff's motion is premised upon little more than speculative allegations generally disproven by the discovery undertaken by the Parties.  It should be denied in its entirety.

## III.   LEGAL STANDARD

For FLSA collective actions, such as the case at bar, "courts typically employ a two-tiered analysis." *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013); *see*, *also*, *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012).  The first step, conditional certification, is "generally conducted early in the litigation process" and the second step, final certification, is "usually conducted after the completion of class-related discovery." *Smith v. Sovereign Bancorp, Inc.*, No. 03-2420, 2003 WL 22701017, at *1 (E.D. Pa. Nov. 13, 2003) (Schiller, J.); *see*, *also*, *Bramble v. Wal-Mart Stores, Inc.*, No. 09-4932, 2011 WL 1389510, at *3 (E.D. Pa. Apr. 12, 2011) (O'Neill, J.).  At both stages, the lead plaintiffs bear the burden of showing that she is similarly situated to the opt-in plaintiffs. *See Symczyk*, 656 F.3d at 192-93; *see*, *also*, *Greer v. Haemonetics Corp.*, No. 08-1339, 2009 WL 10689219, at *3 (W.D. Pa. July 14, 2009) ("Throughout the certification process, the plaintiff bears the burden of showing he is similarly situated to the remainder of the proposed class.").

For collection certification, Section 216(b) of the FLSA requires that: "(1) [a]ll plaintiffs must be 'similarly situated'; and (2) [a]ll plaintiffs must consent in writing to taking part in the suit." *Smith*, 2003 WL 22701017, at *1 (citing 29 U.S.C. § 216(b)). Courts in the Eastern District

---

[2]      Plaintiff also filed a motion seeking to certify a Rule 23 class.  *See* ECF No. 48. Defendants will address that motion in a separate brief.

of Pennsylvania have previously held that conditional certification should not be granted unless the Plaintiff "come[s] forth with admissible evidence to satisfy her burden that putative class members are similarly situated." *Wright v. Lehigh Valley Hosp.*, No. 10-431, 2010 WL 3363992, at *4 (E.D. Pa. Aug. 24, 2010) (Schiller, J.); *see, also, Goldstein v. Children's Hosp. of Phila.*, No. 10-01190, 2012 WL 5250385, at *5 (E.D. Pa. Oct. 24, 2012) (Strawbridge, M.J.). "The courts must require more factual allegations that demonstrate a particular plan or policy initiated by defendants that violates [the] FLSA, rather than accepting a general claim of improper exemption under the statute in order to satisfy this particular test." *Chemi v. Champion Mortgage*, No. 05-1238, 2006 WL 7353427, at *4 (D.N.J. June 21, 2006).

Conditional certification is not automatic. *See Smith*, 2003 WL 22701017, at *2 ("[A]utomatic preliminary class certification is at odds with the Supreme Court's recommendation to 'ascertain the contours of the [§216] action at the outset,' and such certification does not comport with the congressional intent behind FLSA's opt-in requirement, which was designed to limit the potentially enormous size of FLSA representative actions."). Instead, to satisfy the burden at the conditional certification stage, "a plaintiff must produce some evidence, 'beyond mere speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Symczyk*, 656 F.3d at 193 (adopting the "modest factual showing" standard) (internal citations omitted); *see also Bramble*, 2011 WL 1389510, at *4. "Although plaintiffs' burden to establish a right to conditional certification is modest, it is 'not nonexistent and the factual showing, even if modest, must still be based on some substance.'" *Bramble*, 2011 WL 1389510, at *4. "Requiring a Plaintiff to make a modest factual showing that others have suffered the same injury works to prevent class action fishing expeditions." *Armstrong v. Weichert Realtors*, No. 05-3120, 2006 WL 1455781, at *2

(D.N.J. May 19, 2006); *see*, *also*, *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989) ("[C]lass actions serve important goals but also present opportunities for abuse[.]"). As discussed below, Plaintiff has failed to satisfy her burden of proof warranting statewide conditional certification against the Defendants.

## IV.    LEGAL ANALYSIS

### A.    The Court Should Deny Conditional Certification Because Plaintiff Has No Standing to Represent the Putative Class.

As an initial matter, in order to represent a putative class, the class representative herself must have standing, *i.e.*, suffered an injury-in fact and possessing a live claim against the Defendants. *See, e.g., In re Family Dollar FLSA Litig.*, 637 F.3d 508, 519 (4th Cir. 2011) ("Because we have affirmed summary judgment dismissing [plaintiff's] complaint on the merits, we need not address whether the district court properly refused to certify her action as a collective action. Without a viable claim, [she] cannot represent others whom she alleged were similarly situated."); *Freeman v. MedStar Health Inc.*, 187 F. Supp. 3d 19, 25 (D.D.C. 2016). In the absence of a class representative with active claims, a collective action is improper.  *See id.*  In the present case, as set forth in greater detail in Defendants' Motion for Summary Judgment (ECF No. 47), (1) Plaintiff received notice, and was in fact aware, of the use of the "tip credit" (*see* SOF[3] at ¶¶ 13-20); (2) Plaintiff, inclusive of tips, was paid in excess of the minimum wage for every week she worked (*see* SOF at ¶¶ 38-56); and, (3) Plaintiff, inclusive of tips, was paid all overtime wages due for every week she worked (*see* SOF at ¶¶ 38-55; 57).  Because Defendants are entitled to judgment in their favor and against the Plaintiff, the Court should correspondingly deny Plaintiff's Motion for Conditional Certification.

---

[3]      "SOF," as used herein, refers to the Statement of Facts filed by Defendants in connection with their Motion for Summary Judgment at ECF No. 47-1.

**B.    The Court Should Deny Conditional Certification Because the Plaintiff Offers Mere Speculation and Has Adduced No Evidence of a Class of Similarly Situated Employees or a Common Policy in Violation of the FLSA.**

The Court should also deny conditional certification because the Plaintiff fails to establish the *basic* requirements for conditional certification: that is, a factual showing that similarly situated employees were subject to a common illegal plan.  In moving for conditional certification, Plaintiff argues that Defendants allegedly failed to provide notice to Plaintiff (and by extension to the putative class) of the tip credit; that Defendants failed to pay Plaintiff (and by extension the putative class) minimum wage for all hours worked; and, that Defendants failed to pay Plaintiff (and by extension the putative class) overtime wages to which they were entitled.  However, the facts adduced in discovery show that not only has Plaintiff failed to establish that she suffered any of these alleged injuries, there is no factual support, beyond conclusory speculation, that there are a group of similarly situated individuals that have also suffered these alleged injuries.

"Under the standard for conditional class certification, there must be a *factual* nexus, not an assumption of facts." *Rogers v. Ocean Cable Grp. Inc.,* No. 10-4198, 2011 WL 6887154, at *4 (D.N.J. Dec. 29, 2011) (emphasis in original); *see*, *also*, *Dreyer v. Altchem Envtl. Servs., Inc.*, No. 06-2393, 2007 WL 7186177, at *4 (D.N.J. Sept. 25, 2007) (FLSA plaintiffs "unsubstantiated assertions [in affidavits about how other employees "must have" been paid] do not amount to the requisite factual showing").  Where a plaintiff seeking conditional certification offers little more than assumptions and conclusions, certification is improper.  *See*, *e.g.*, *Siu Ching Ha v. 4175 LLC*, No. 15-5530, 2018 WL 1509090, at *4-5 (D.N.J. Mar. 27, 2018) (denying certification); *Stanislaw v. Erie Indem. Co.*, No. 07-1078, 2009 WL 426641, at *2–3 (W.D. Pa. Feb. 20, 2009) (denying certification); *see also Federman v. Bank of Am., N.A.*, No. 14-441, 2016 WL 3090631, at *5 (D.N.J. May 31, 2016) ("Courts in this Circuit, however, have routinely found that such speculation is not proper.") (citing cases).  This is particularly true where, as here, the Parties have

already undertaken discovery. *See Bramble v. Wal-Mart Stores*, Inc., No. .09-4932, 2011 WL 1389510, at *3 (E.D. Pa. Apr. 12, 2011) (noting that the test is more stringent and mere allegations will not suffice where "discovery has commenced, and the parties submit deposition testimony, declarations, and other evidence in support of their respective positions.").

Moreover, "[a] number of factors are relevant at the first step, including whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; ... whether evidence of a widespread discriminatory plan was submitted; and whether as a matter of sound case management . . . a manageable class exists." *Hall v. Guardsmark, LLC,* No. 11-213, 2012 WL 3580086, at *9 (W.D. Pa. Aug. 17, 2012). "By requiring evidence of a factual nexus between the manner in which an employer's alleged policy affected a named plaintiff and the manner in which it affected other employees, the standard works in harmony with the opt-in requirement to cabin the potentially massive size of collective actions and best comports with congressional intent and with the Supreme Court's directive that a court 'ascertain the contours of a collective action at the outset.'" *Mitchell v. Covance, Inc*., No. 19-02877, 2020 WL 543780, at *3 (E.D. Pa. Feb. 3, 2020) (Robreno, J.).

First, regarding claims concerning notification of the "tip credit," Plaintiff has not adduced evidence of an illegal corporate policy affecting similarly situated employees. Rather, discovery in this case revealed that Defendants, as general corporate policy, (1) educated their managers regarding the "tip credit" provisions of Federal and Pennsylvania Law, *see* SOF at ¶ 9; (2) managers were instructed to inform servers about the requirements of the "tip credit" provisions, *see* SOF at ¶ 10; and, (3) posters outlining the provisions of federal wage laws were hung in accessible areas of North Wales, where the Plaintiff worked, *see* SOF at ¶ 11. These safeguards are facially appropriate under the FLSA. *See* ECF No. 47-3 at 14-17. Even more crucially,

evidence produced by Defendants during discovery shows that all new hires at Pennsylvania restaurants were required to review policies and procedures online before beginning work, including a policy entitled "Tipped-Employees – PA". *See* ECF No. 52-1, p. 34 at Interrogatory No. 9; Ex. 4[4], documents produced at TP-DEF000075-000080. All employees had to review and acknowledge, through electronic signature, their understanding and agreement with the tip credit policy. *See id.* As explained in the deposition of Defendants' corporate designee, in the event that Plaintiff herself did not receive online notification, she is *the exception*, as Defendants have electronic signatures from the vast majority of employees acknowledging review and receipt of the tip credit. Ex. 3, May 29, 2020 Deposition of Kirk Ruoff at 140:22-141:20. As such, Plaintiff is not similarly situated to the putative class because the evidence shows that, at a minimum, nearly all other employees read and acknowledged online receipt of the tip credit notification. *Id.*

Indeed, all of Plaintiff's purported evidence regarding alleged failures in this regard seem to arise from circumstances *wholly personal to herself*, rather than those applicable to the putative class as a whole. As an example, Plaintiff testified that when *she* was training a new hire, Plaintiff did not fully explain the pay system to the trainee, because Plaintiff herself states that she did not understand it. *See* Ex. 1, May 26, 2020 Deposition of Christina Reynolds at 80:14-82:7. Obviously, this is not applicable across the class. Rather, Plaintiff testified that she had "no idea" what other employees, including her trainees, were actually told about their pay by management (although she was able to confirm that they were all, in fact, aware they were to be largely

---

[4]     In support of her own Motion for Summary Judgment, Motion to Conditionally Certify a Collective Class, and Motion to Certify Class Pursuant to Rule 23, Plaintiff submitted a single statement of facts with exhibits. For the Court's convenience, Defendants are submitting one appendix of exhibits in support of their briefs in opposition to these aforementioned motions, as well as in support of Defendants' Response to Plaintiff's Statement of Material Facts and Counter-Statement of Material Facts.

compensated by tips). *See id.* at 81:8-83:7. This is not "evidence of a widespread discriminatory plan." *See Hall,* 2012 WL 3580086, at *9. To the contrary: this is an affirmative admission by the Plaintiff herself that there is not any evidence regarding what individuals ***other*** than she may or may not have been told other than idle speculation by Plaintiff's attorneys. Even Plaintiff's testimony regarding her ***own*** experience is specious. Asked at her deposition whether she remembered receiving written notification of the tip credit policy, Plaintiff stated "no," but also stated that she did not look at all of the paperwork she received from Defendants, and does not know what the paperwork said. *See* ECF No. 47-11, pp. 38-39 at 174:21-175:17.

Additionally, Plaintiff has no offered no declarations or testimony from any other potential class members; instead, she seeks certification based ***only*** upon her own jumbled recollections. This, too, is plainly insufficient, as even greater evidentiary showings in this regard have been found wanting in this Circuit. *See, e.g. In re: Enterprise Rent-a-Car Wage & Hour Employment Practices Litig.*, MDL No. 2056, 2010 WL 3447783, at *21 (W.D. Pa. Aug. 13, 2010) ("Many courts finding insufficient evidence of other potential class members at the first step were presented with a nominal number of affidavits that made broad allegations about the treatment of other employees."); *Williams v. Securitas Security Servs.*, No. 10-7181, 2011 WL 4544009, at *1 (E.D. Pa. Oct. 3, 2009) (Bartle, J.) (denying reconsideration of order partially denying conditional certification based upon "three threadbare declarations" of named plaintiffs). In other jurisdictions, similarly, it has been repeatedly held that such limited support is fatal to a motion seeking conditional certification under the FLSA. *See, e.g.*, *Langlands v. JK & T Wings, Inc.*, No. 15-13551, 2016 WL 4073548, at *4 (E.D. Mich. Aug. 1, 2016) (denying certification of proposed class of tipped employees and writing, "[w]hat is clear is that Langlands declaration is so devoid of detail that there is only essentially one declaration in support of the Motion. Under these facts,

Plaintiffs cannot show certification and notice is appropriate."); *Sanchez v. JMP Ventures, LLC*, No. 13-7264, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (denying certification where plaintiff submitted a single declaration that "reads similarly to the complaint"); *Boyd v. Alutiiq Global Solns.*, No. 11-753, 2011 WL 3511085, at *6 (N.D. Ill. Aug. 8, 2011) (denying certification where plaintiffs' declarations "do not identify to whom they spoke, when those conversations occurred, where they occurred, or what specifically was discussed that would lead them to conclude that pay practices were 'consistent.' Nor is there any evidence that Plaintiff's supervisors were acting in accordance with any global plan or that those supervisors had instructed personnel at other bases to shortchange themselves on their time sheets."). As to the putative class in this case, Plaintiff offers only her own speculation, in direct conflict with the evidence of record.

As stated above, the undisputed facts indicate that Defendants had a policy whereby managers were instructed to inform servers about use of the "tip credit", *see* SOF at ¶ 10, making the relevant question raised by Plaintiff's Amended Complaint not that of a generally applicable illegal policy, but a question concerning where that policy may have been deviated from by certain individuals. *See Bramble*, 2011 WL 1389510, at *4 ("The right to proceed collectively may be foreclosed where an action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice."). Indeed, the Third Circuit has observed that "as a general rule, an action based substantially on oral rather than written communications is inappropriate for treatment as a class action." *Johnston v. HBO Film Mgmt.*, 265 F.3d 178, 190 (3d Cir. 2001) (collecting cases). Where, as here, the Plaintiff cannot establish that a single decision, policy or plan caused collective harm, conditional certification should be denied. *See Boes v. Applied Analysis Corp.*, No. 19-505, 2020 WL 1526635, at *3 (E.D. Pa. Mar. 30, 2020) (Schmehl, J.) (denying certification and citing cases).

Plaintiff's allegations regarding the putative minimum wage and overtime class are similarly deficient. Setting aside, for the moment, that the undisputed evidence establishes that Plaintiff was paid both minimum wage and overtime for all weeks she was employed as a server at Turning Point of North Wales,[5] Plaintiff testified that the amount a server was paid in tips—and thus, earned in a given workweek—was driven ***not*** by any policy of Defendants, but by a server's own initiative. *See* Ex. 1 at 74:14-77:1, 111:3-18. Specifically, according to Plaintiff, her experience at the North Wales location indicated that not all servers had the same work ethic or diligence. *See id.* at 74:14-77:1. Some would make sure they watched—or, in Plaintiff's words, "stalked"—the front of the restaurant and did less side work; this, in turn, would allow them to make more money than those that did not watch the front of the restaurant, and who did more side work. *See id.* at 74:14-77:1; 111:3-18; *see*, *also*, *id.* at 82:14-16 ("Everybody had their own way of doing things, so that they were more efficient."). In fact, Plaintiff described herself as an anomaly in this regard, as her focus on side-work and helping others—rather than focus on getting tables—acted as a detriment to her earnings. *See* Ex. 1 at 74-11-77:15. She also conceded that this approach to the job was left entirely to the discretion of each of the servers. *See id.* at 80:14-23 ("Everybody had their own way to do things, so that they were more efficient. Sometimes one person's way is not going to be the efficient way for somebody else to get the job done . . . [it was] up to the server as to how they wanted to implement the rules of how they would get things done"). Indeed, Plaintiff confirmed that others had a "different experience" than her. *See id.* at 76:6-19; 111:14-18; 138:3-7.

---

[5]     Plaintiff could not confirm that she was not paid minimum wage. At her deposition, she was presented with evidence that her pay exceeded the legal minimum for all weeks worked. *See* Ex. 1 at 187:11-194:3.

Further militating against any finding that Plaintiff has established a generally applicable illegal policy with respect to wages, it was Plaintiff's testimony that the amount a server would "tip out"—that is, add to a tip pool for bussers and baristas—varied based upon what the **manager** "deemed fair." *See id.* at 83:8-84:11. And, although Plaintiff only worked at Turning Point of North Wales for approximately four months, she testified that she had **three** different managers, and there was significant turnover in her brief time there. *See id.* at 59:5-60:3.

As such, Plaintiff's deposition clearly and decisively explains that the putative class members are not similarly situated; rather, each server's experience and ability to earn is intrinsic to their own circumstances and work ethic. By her own admission, therefore, she is not similarly situated to the putative class. There is also no evidence in the record that purported class members were not, in fact, paid minimum wage or overtime--beyond unsupported assumptions by the Plaintiff. *See Siu Ching Ha,* 2018 WL 1509090, at *4-5 (denying certification where "Plaintiffs have not provided any evidence to suggest that they have personal knowledge or otherwise observed" other employees "fail to receive adequate minimum wage or work in excess of a 40-hour workweek"); *Bramble*, 2011 WL 1389510, at *3 ("mere allegations" are insufficient where "discovery has commenced, and the parties submit deposition testimony, declarations, and other evidence in support of their respective positions."). Even at the conditional certification stage, a plaintiff cannot merely rest upon her prior allegations, as Plaintiff seeks to do here. *Myers v. Hertz Corp*, 624 F.3d 537 (2d Cir. 2010) (at the conditional certification stage, plaintiffs must "demonstrate that they and potential opt-in plaintiffs together were **victims of a common policy or plan that violated the law**.") (emphasis added).

In addition to Plaintiff's complete failure to adduce evidence—even modest amount—of a generally applicable illegal policy and a similarly situated putative class, Plaintiff has entirely

failed to show the Court, via affidavits or otherwise, that there are actually class members interested in joining this lawsuit. *See, e.g., Hall*, 2012 WL 3580086, at *9-10. Many courts have recognized that plaintiffs have 'the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist [] in the broad class that they proposed.'" *Greer v. Haemonetics Corp.*, No. 08-1339, 2009 WL 10689219, at *1 (W.D. Pa. July 14, 2009), at *9 (denying certification where, *inter alia*, the plaintiff failed "to show there are other plaintiffs interested in joining this suit"); *see also Parker v. Rowland Express, Inc.*, 492 F.Supp.2d 1159, 1164-66 (D. Minn. 2007) (requiring FLSA plaintiff to "proffer some evidence that other similarly situated individuals desire to opt in to the litigation," because, "[i]n the absence of such evidence, there would be no basis upon which the Court could conclude that the action was an 'appropriate case' for collective-action treatment"); *Dybach v. State of Florida Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). This case was initially filed in May 2019; in the ***intervening 15 months***, not a single additional plaintiff has opted-in nor otherwise become involved with this litigation. *See Khan v. Airport Mgmt. Servs., LLC*, No. 10-7735, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011) (finding it "telling" that, after five months of preliminary discovery, plaintiff was unable to produce a single other individual interested in participating in the case); *Bros. v. Portage Nat'l Bank*, No. 06-94, 2009 WL 10730421, at *6 (W.D. Pa. Mar. 24, 2009) ("Plaintiff has not alleged that more individuals would join such a class, and in this matter, three employees does not justify a collective action.") This is not a coincidence; Plaintiff expressly testified that she is not aware of any other individuals who are interested in opting-in to this case. *See* Ex. 1 at 132:3-6.

None of the cases cited by Plaintiff compels a different result.  In particular, Plaintiff relies upon three[6] cases:  *Wright v. Ristorante La Buca Inc.,* No. 18-2207, 2018 WL 5344905 (E.D. Pa. Oct. 26, 2018) (Kearney, J.); *Feehley v. Sabatino's, Inc.,* No. 17-2591, 2018 WL 2972475 (D. Md. June 13, 2018); and, *Koenig v. Granite City Food & Brewery, Ltd.,* No. 16-1396, 2017 WL 2061408, at *1 (W.D. Pa. May 11, 2017).  Each is easily distinguishable from the foregoing matter. In *Wright,* the defendants did not oppose the request for conditional certification, as the Court had already granted summary judgment to the plaintiff on his FLSA and PMMW claims.[7]  *See Wright,* 2018 WL 5344905, at *2.  In *Feehley,* there were **four** different plaintiffs, two of whom submitted declarations affirmatively stating that they were not informed of the tip policy.  *See Feehley*, 2018 WL 2972475, at *3.  In *Koenig,* the Court lacked what is present in this case: a pending motion for summary judgment by the defendant affirmatively establishing that none of Plaintiff's claims are supported by the post-discovery factual record.  Notably, Plaintiff does **not** cite *Reynolds v. Chesapeake & Delaware Brewing Holdings, LLC*, No. 19-2184, 2020 WL 2543777 (E.D. Pa. May 19, 2020) (Sánchez, C.J.), a case in this District involving the same Plaintiff and Plaintiff's counsel as in this case. In *Reynolds,* the Court actually did grant the Plaintiff's motion to conditionally certify a class, while also denying her motion to certify a class under Rule 23.  Plaintiff's decision not to invoke that case within her motion is a tacit admission that this matter is distinct with respect to the proposed FLSA collective, given, *inter alia*, the Plaintiff's repeated admissions in this factual record regarding the unique, individualized experiences of servers at Turning Point of North Wales.

---

[6]        *See* ECF No. 49-1 at 24-27.

[7]        Notably, defendants opposed, and the Court in *Wright* did deny, the plaintiff's related request to certify a state law PMWA class pursuant to Rule 23 of the Federal Rules of Civil Procedure. *See Wright,* 2018 WL 5344905, at *3.

Lastly, should the Court conclude that conditional certification is appropriate in this matter, it is respectfully submitted that any such order should be limited only to those servers that were employed at the North Wales location, rather than a state-wide class.  District courts within the Third Circuit routinely limit certification to the circumstances and locations in the evidence supporting conditional certification. *See*, *e.g.*, *Dunkel v. Warrior Energy Servs., Inc.*, 304 F.R.D. 193, 207 (W.D. Pa. 2014) (granting certification but limiting locations to which certification applies because "the scope of conditional certification . . . is limited by the actual evidence Plaintiffs submitted*"); Burkhart-Deal v. Citifinancial, Inc.*, No. 07-1747, 2010 WL 457127, at *5 (W.D. Pa. Feb. 4, 2010); *Taylor v. Pittsburgh Mercy Health Sys., Inc.*, No. 09-377, 2009 WL 2003354, at *2 (W.D. Pa. July 7, 2009) (limiting conditional certification to a single facility because "[n]one of the affiants have demonstrated personal knowledge regarding the policies that are, or were, in effect at any other facility.").   The crux of Plaintiff's case for conditional certification are her own recollections and assertions, yet Plaintiff admitted that she: (1) never worked at any location other than North Wales (*see* Ex. 1 at 169:24-170:3); and, (2) almost never discussed others' experiences at other Turning Point locations (*see id.* at 170:4-172:23).  Indeed, her only specific recollection in this regard was Plaintiff's testimony that one individual who worked a single day at the Blue Bell restaurant was "not comfortable" with a different location, thereby **implying they had different policies and expereicns**.  *See id.* at 170:24-172:19.  As such, any certification order should be limited only to the North Wales location**.**

### C.   In the Event The Court Grants Conditional Certification, Plaintiff's Requests With Respect to the Means of Notice Should Be Amended.

Should this Court permit any certification in this matter, Plaintiff's proposed class notice plan should be altered.  Although Plaintiff did not submit a proposed form of notice or proposed consent form with her motion, she has nevertheless made certain requests regarding the

dissemination of information that are not supported by the prevailing law, and Defendants object accordingly.

First, Plaintiff requests production of: (1) home addresses; (2) social security numbers; (3) email addresses; and, (4) telephone numbers, for all members of the putative class. *See* ECF No. 49-1 at 29. This request is overbroad and unnecessary. Multiple district courts within the Third Circuit have held that employers need not produce private employee information, such as telephone numbers and Social Security numbers. *See*, *e.g.*, *Steinberg v. TD Bank, N.A.*, No. 10-5600, 2012 WL 2500331, at *9-10 (D.N.J. June 27, 2012) (denying plaintiffs' request for putative class members' telephone numbers, email addresses, and social security numbers and agreeing with defendants that such a request is "excessive and unfairly prejudicial"); *Ritzer v. UBS Fin. Servs., Inc.*, No. 08-1235, 2008 WL 4372784, at *4 (D.N.J. Sept. 22, 2008) ("Unless notification via first class mail proves insufficient, social security numbers and telephone numbers should not be released."). Plaintiff contends that this additional information is necessary "due to the transient nature of Defendants' business." *See* ECF No. 49-1 at 29. Plaintiff does not explain what she means by "transient nature," nor does she cite any facts in support of this assertion.

Similarly, this Court should not allow notice to be distributed by both regular mail *and* electronic mail. Multiple district courts within the Third Circuit have held that notice need only be distributed by one method unless FLSA plaintiffs demonstrate a need for both forms of notice. *See, e.g., Steinberg,* 2012 WL 2500331, at *10 ("Courts generally require, and Plaintiffs have failed to offer, compelling reasons to allow notice mechanisms beyond first class mail or contact information beyond mailing addresses."); *Kuznyetsov v. W. Penn Allegheny Health Sys., Inc.*, No. 09-379, 2009 WL 1515175, at *6 (W.D. Pa. June 1, 2009) ("Plaintiffs have not provided any reason why first-class mail would be inadequate in this case. Therefore, notification in this case will be

limited to first-class mail only."). As stated above, Plaintiff has identified no such need. Accordingly, this Court should not require the disclosure of information beyond the names and addresses of putative class members, and notice should be limited to the same.

Lastly, Plaintiff *also* requests that Defendants post the class notice on restaurant premises. *See* ECF No. 49-1 at 30. As with the request to send notice via email, many Courts in this Circuit have observed that this additional form of notice is excessive and prejudicial in the absence of "compelling reasons" for doing so. *Steinberg*, 2012 WL 2500331, at *10 (denying request to post notice at defendants' locations); *Vargas v. Gen. Nutrition Centers, Inc*., No. 10-867, 2012 WL 5336166, at *13 (W.D. Pa. Oct. 26, 2012) (finding no "persuasive justification" for posting notice). There are no compelling reasons for Plaintiff's proposed notice plan on this record. As such, the Court should deny the request to post any class notice at Defendants' locations.

## V.    CONCLUSION

"Although the burden for certifying a FLSA lawsuit for collective action notification is light, there are limits, and the district court cannot function as a rubber stamp for any and all claims that come its way under this statute. Consistent with this principle, courts have the responsibility to avoid 'stirring up' litigation through unwarranted solicitation." *Sloane v. Gulf Interstate Field Servs., Inc.,* No. 16-01571, 2017 WL 1105236, at *7 (M.D. Pa. Mar. 24, 2017). For all the

foregoing reasons, Defendants request this Honorable Court deny Plaintiff's Conditional Certification Motion.

Respectfully submitted:
**FOX ROTHSCHILD LLP**

By: */s/ Colin D. Dougherty*
Robert C. Nagle
Colin D. Dougherty
10 Sentry Parkway
Suite 200, P.O. Box 3001
Blue Bell, PA 19422
Telephone: (610) 397-6500
Fax: (610) 397-0450
rnagle@foxrothschild.com
cdougherty@foxrothschild.com

Dated: August 3, 2020                    *Attorneys for Defendants*

18

## <u>CERTIFICATE OF SERVICE</u>

I, Colin D. Dougherty, hereby certify that on this 3rd day of August, 2020, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by cooperation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of electronic filing. Parties may access this filing through the Court's CM/ECF System.

By: *<u>/s/ Colin D. Dougherty</u>*
Colin D. Dougherty