IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINA M. REYNOLDS, et al.,** *Plaintiffs,* v. **TURNING POINT HOLDING COMPANY, LLC, et al.,** *Defendants.* | **Case No. 2:19-cv-01935-JDW** |

### ORDER

**AND NOW**, this 3rd day of March, 2023, upon consideration of the Parties' Motion For Final Approval Of The Class And Collective Settlement, And Final Certification Of The FLSA Collective And The Rule 23 Class (ECF No. 156), and Plaintiffs' Motion For Attorney Fees And Expenses And For Plaintiffs' Service Payments (ECF No. 152), and following a Final Approval Hearing held on March 1, 2023, the Court finds as follows.

1. Christina Reynolds, Christina Nulph, and Rosemary Barba (collectively the "Named Plaintiffs") assert claims on behalf of themselves and the Tipped Employees for violations of applicable wage laws, including the Pennsylvania Minimum Wage Act ("PMWA"), the New Jersey Wage and Hour Law ("NJWHL") and/or the Fair Labor Standards Act ("FLSA").

2. The Settlement Agreement[1] is a product of arms-length negotiations between the parties. The Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation. The Settlement is fair, reasonable, and adequate.

3. Per the Settlement, the Defendants will pay $799,500.00. The Parties and their counsel negotiated at arm's length. At all times, the Named Plaintiffs acted independently, and the Named Plaintiffs and Class Counsel fairly and adequately represented the Tipped Employees in connection with the Litigation and the Settlement.

4. The Parties have complied with the Court's preliminary approval order. The Class Notice transmitted to the Tipped Employees, pursuant to the Preliminary Approval Order (ECF No. 150) and in accordance with the Settlement Agreement is the best practicable notice. It was also posted on a website identified in the Class Notice, as well as in an email to potential class members regarding the dissemination of the Class Notice. It included individual notice to all Tipped Employees who could be identified through reasonable efforts. The Class Notice provided valid, due, and sufficient notice of the Final Approval Hearing and of the other matters, including the terms of the Settlement Agreement and the Settlement. The Class Notice satisfied the due process requirements

---

[1] Capitalized Terms have the meaning or definitions that the Parties' Settlement Agreement gives them.

pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

5. On March 1, 2023, the Court held a fairness hearing. The Class Notice invited all Tipped Employees, including any with objections, to attend. No one has objected to the Settlement Agreement.

6. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court previously certified a Rule 23 Class consisting of two subclasses:

> A NJ Class defined as:
>
> Any current or former Tipped Employees who were employed by Defendants at a Turning Point restaurant in New Jersey at any time from May 19, 2017 through August 31, 2021 to which Turning Point did not pay the full state minimum wage because it claimed a tip credit for that employee pursuant to applicable state laws, including the NJWHL. Excluded from this class are all Tipped Employees who submit a timely and valid Request for Exclusion.

And a PA Class defined as:

> Any current or former Tipped Employees who were employed by Defendants at a Turning Point restaurant in Pennsylvania at any time from May 19, 2017 through August 31, 2021 to which Turning Point did not pay the full state minimum wage because it claimed a tip credit for that employee pursuant to applicable state laws, including the PMWA. Excluded from this class are all Tipped Employees who submit a timely and valid Request for Exclusion.

Pursuant to 29 U.S.C. § 216(b), the Court also previously certified a FLSA Collective consisting of:

> Any current or former Tipped Employees who elect to opt-in to the Litigation who were employed by Defendants at a Turning Point

        restaurant in Pennsylvania or New Jersey at any time from May 19, 2017 through August 31, 2021 to which Turning Point did not pay the full federal minimum wage because it claimed a tip credit for that employee pursuant to Section 203(m) of the FLSA.

There is no new evidence that alters the Court's determination that certification of the Rule 23 Class and FLSA Collective is appropriate.

      7.      The Parties provided a full and fair opportunity to Class Members to opt out of and to object to the Settlement and to participate in the Final Approval Hearing. The period for opt outs and objections to the Settlement has closed. No Class members have submitted timely objections to the settlement. Only the following eight Class Members have timely opted out of any of the certified Classes: Isabelle Bitton; Taylor Lynn Check; Thomas Colantino; William Henning; Rebecca LaPointe; Nicholas Mattina; Alec Teter; and Collin Teter.

      8.      Included in the FLSA Collective are the Named Plaintiffs and those persons who timely submitted a Claim Form or Consent to Sue Form. There are 711 individuals who have opted into the FLSA Collective. There are 13 members of the FLSA Collective who filed claims after the Bar Date (the "Untimely Claimants"): Ryan Joseph Barlieb; Crystallee Chapparro; Natasha Sandeep Dandekar; Ashley Grenger; Christa Guevara; Victoria Guinto; Megan Jacobi; Lydia Leal; Aaron Nicholas; Anthony J. Pane; Madeline Tumpowsky; Maria Weikel; and Justin Zaslow. Defendants do not oppose their inclusion in the FLSA collective.

      9.      Class Counsel has requested attorneys' fees, reimbursement of litigation expenses, and service awards to the Named Plaintiffs that are reasonable under the circumstances.

Therefore, in light of the foregoing, it is **ORDERED** as follows:

1. The Parties' Motion For Final Approval Of The Class And Collective Settlement, And Final Certification Of The FLSA Collective And The Rule 23 Class (ECF No. 156) is **GRANTED**;

2. The maintenance of the Litigation as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Federal Rules of Civil Procedure 23(b)(3) is **APPROVED**;

3. The FLSA Collective shall include the Untimely Claimants;

4. Class Members' and FLSA Collective Members' claims are released pursuant to the Release of Claims set forth in Section 5 of the Settlement Agreement. Because the Settlement conclusively resolves all claims of the Class Members and FLSA Collective Members, those claims are **DISMISSED WITH PREJUDICE**. Judgment is entered pursuant to Federal Rule of Civil Procedure 54(b) as outlined in the Settlement Agreement at Section 4.13(A). As of the Final Effective Date, all release provisions within the Settlement Agreement shall have full force and effect in accordance with all of their express terms and provisions including the Release of Claims set forth in the Settlement Agreement. As set forth in Paragraph 5.1 of the Settlement Agreement, Rule 23 Class members are deemed to have released their applicable state law claims and FLSA Collective members are deemed to have released their claims under the Fair Labor Standards Act;

5. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints the Named Plaintiffs as the representatives of the Rule 23 Class and FLSA Collective and appoints Connolly Wells & Gray, LLP and Lynch Carpenter LLP as Class Counsel;

6. The Final Payment Amount for reach Class Member and Collective Member as set forth in the Settlement Agreement is hereby **APPROVED**, and the Settlement Administrator is **AUTHORIZED** to distribute these amounts as directed in the Agreement;

7. On or before the Final Effective Date, the Parties shall file a motion to voluntarily dismiss the *Nulph* Action;

8. Plaintiffs' Motion For Attorney Fees And Expenses And For Plaintiffs' Service Payments (ECF No. 152) is **GRANTED** as follows:

   a. Class Counsel are awarded a fee of $271,830.00 (the "Attorneys' Fees"), and the Settlement Administrator is **AUTHORIZED** to pay this amount to Class Counsel from the Settlement Fund. The Attorneys' Fees are fair, reasonable, and appropriate. No other fees may be awarded to Class Counsel in connection with the Settlement Agreement absent subsequent Order of this Court. Attorneys' Fees shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement;

   b. Class Counsel is awarded $24,376.64 (the "Attorneys' Expenses") as reimbursement for litigation expenses, and the Settlement Administrator is **AUTHORIZED** to pay this amount to Class Counsel from the Settlement Fund. The Attorneys' Expenses are fair, reasonable, and appropriate. No other costs or expenses may be awarded to Class

Counsel in connection with the Settlement Agreement absent subsequent Order of this Court. Attorneys' Expenses shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement;

        c.      The Court further finds that the administrative expenses incurred by the Claims Administrator in administering this Settlement are necessary and reasonable. Accordingly, the Court hereby orders all such expenses to be paid in accordance with the terms of the Settlement Agreement;

        d.      The Court awards a $5,000 service award to each of the Named Plaintiffs, Ms. Reynolds, Ms. Nulph, and Ms. Barba, and the Settlement Administrator is Authorized to pay a service award to each of the Named Plaintiffs from the Settlement Fund;

    9.      The Court finds that the distribution of the Settlement Amount to Settlement Class Members as submitted by the Parties is fair, reasonable, and adequate. The Settlement Amount shall be distributed in accordance with the terms set forth in the Settlement Agreement;

    10.     No other amounts, not otherwise set forth in this Order, authorized by this Court, or permitted or required under the Settlement Agreement, shall be paid from the Settlement Fund;

    11.     All parties to the Settlement Agreement, their Counsel, and the Settlement Administrator, are directed to carry out their obligations under the Settlement Agreement;

12. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Settlement Agreement and this Order;

13. The Clerk of Court shall mark this case closed for statistical purposes.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.